**Lincoln HUNTER, et al., Plaintiffs,**

v.

**MEDSTAR GEORGETOWN
UNIVERSITY HOSPITAL,
et al., Defendant.**

**Civil Action No. 15–1495 (RMC)**

United States District Court,
District of Columbia.

Signed November 12, 2015

Craig L. Briskin, Steven A. Skalet, Mehri & Skalet, PLLC, Patrick A. Malone, Daniel C. Scialpi, Patrick Malone & Associates, Washington, DC, for Plaintiffs.

Elizabeth Anne Scully, Baker & Hostetler LLP, Eric N. Heyer, Thompson Hine LLP, Washington, DC, Diana Margeaux Thomas, Williams Mullen, P.C., Tysons Corner, VA, Seth A. Litman, Thompson Hine LLP, Atlanta, GA, for Defendant.

## ORDER

ROSEMARY M. COLLYER, United States District Judge

This case was removed from D.C. Superior Court on September 14, 2015. *See* Notice of Removal [Dkt. 1]. Plaintiffs allege that they have been overcharged for their medical records by the hospital Defendants, as have been "many hundreds of people who have[ ] obtained their medical records from Defendants in the District of Columbia." *See* Class Action Complaint [Dkt. 1–1 at 7] (Complaint) ¶ 55. Plaintiffs assert a cause of action only under the D.C. Consumer Protection Procedures Act, D.C.Code § 28–3901 *et seq.* (2015).

Defendants removed to this Court under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) (CAFA). That statute confers original jurisdiction upon federal courts to hear class actions where: (1) there are 100 or more plaintiffs; (2) any plaintiff is diverse from any defendant; and (3) there is more than $5,000,000 in controversy. *See id.* §§ 1332(d)(5)(B); 1332(d)(2). The parties agree that the first two elements are satisfied. Although they dispute the third, the Court need not reach that question because it will remand the case under the "interests of justice" exception in 28 U.S.C. § 1332(d)(3). The exception is applicable because "greater

than one-third but less than two-thirds of the [putative class] members" are D.C. citizens, and the factors enumerated in §§ 1332(d)(3)(A)-(F) suggest that the case be remanded.

First, Plaintiffs' right to recover ultimately turns on what is an "improper trade practice" and a "reasonable fee" under the D.C.Code, §§ 28–3901(b)(1) and 3–1210.11, respectively. The Complaint does refer to federal law in an attempt to demonstrate that the fees were unreasonable under D.C. law. *See* Complaint ¶ 70 ("Defendants' charges for medical records violate the limitations on charges for medical records set forth in HIPAA, the HITECH Act and related regulations.") (citing 42 U.S.C. § 17935(e); 45 C.F.R. § 164.524(c)(4)). But federal law does not control the outcome; a D.C. judge might well rule that Plaintiffs' reference to federal standards is unconvincing. In the end, "the claims asserted will be governed by laws of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3)(B).[1]

District Hospital Partners' (DHP's) memorandum bolsters this conclusion. In response to the argument that the D.C.Code is informed by federal law, DHP says that "[t]hat is an incorrect statement of law." DHP Mem. [Dkt. 21] at 12. As they put it:

> The "reasonable fee" provision that Plaintiffs cite as controlling law in this case makes absolutely no mention of

HIPAA being a basis for the calculation of reasonable fees. D.C.Code § 3–1210.11. In fact, D.C.Code § 3–1210.11(b)(1) states as follows:

> A health care provider may require the patient or client, or person authorized to have access to the patient's or client's record, to pay a reasonable fee for copying, *as determined by the board through rulemaking.*

Accordingly, when this code section was implemented, the District of Columbia Health and Occupational Board stated that *it* intended to define what a reasonable fee for copying would be. It never has promulgated such regulations, nor has it suggested that HIPAA cost regulations should be followed. Plaintiffs' suggestion to the contrary is a misstatement of the present law.

*Id.* While perhaps intending to preview the merits of this case, DHP has ably shown why the issue presented is state, not federal, and thus why the case should be remanded.

Second, although most patients at both hospitals reside outside the District of Columbia, that alone does not create a sufficient "national or interstate" interest to sustain removal. *Id.* § 1332(d)(3)(A). If it did, then the exception in § 1332(d)(3) would never apply. CAFA was meant to ameliorate specific abuses by state courts in class-action litigation, including: "(A) keeping cases of national importance out of Federal court; (B) [demonstrating] bias

---

**1.** Defendant Medstar Georgetown argues in its sur-reply that Plaintiffs' "entire theory of recovery under the D.C. Consumer Protection Procedures Act is premised on intricate interpretations of *two federal statutes* : HIPAA and HITECH." *See* Sur–Reply [Dkt 23–1] (Sur–Reply) at 2. But that disregards many of Plaintiffs' claims. For example, they say that Defendants "charge for labor costs they have not sustained," Complaint ¶ 64, "charg[e] attorneys and authorized representatives of in-

dividuals higher amounts for copies of medical records than they charge the individuals themselves," *id.* ¶ 67, and "fail[ ] to inform consumers that they are entitled to an electronic copy of records," *id.* ¶ 68. None of these allegations even refers to federal law, much less incorporates it as the theory of recovery. Nor would they need to, given that these practices may be illegal under D.C. law irrespective of its federal analogue(s).

against out-of-State defendants; and (C) making judgments that impose their view of the law on other States and bind the rights of the residents of those States." Pub.L. 109–2, § 2(a)(4), 119 Stat. 5 (2005). None of those concerns arises here: the case has no national importance,[2] is against D.C. defendants only, and can only result in a pronouncement of D.C. law.

Finally, the action was brought in a forum with a "distinct nexus" with the "alleged harm [and] the defendants." *Id.* § 1332(d)(3)(D). Both Defendants conduct business in the District of Columbia, willingly subjecting themselves to the jurisdiction of D.C. courts. The alleged harm also occurred exclusively in the District of Columbia. *See* Complaint ¶ 53 (defining putative class members as those requesting records "in the District of Columbia").

On balance, the factors under the "interests of justice" exception to CAFA, 28 U.S.C. § 1332(d)(3), counsel remanding the case. Accordingly, it is hereby

**ORDERED** that Defendants' motions for leave to file a sur-reply [Dkts. 23, 24] are **GRANTED;** and it is

**FURTHER ORDERED** that Plaintiffs' motion to remand [Dkt. 13] is **GRANTED** and the case is **REMANDED** to the Superior Court of the District of Columbia.

This case is closed.

---

**2.** Defendant Medstar Georgetown argues in its sur-reply that "This case ... plainly has 'national implications' ... [including] the applicability of these federal statutes, as well as whether these federal statutes require 'cost-based' medical-records fees...." Sur–Reply at 2. But the real question presented is how *D.C. law* defines "reasonable fee." Plaintiffs' invocation of the federal definition may have some persuasive force, but it does not control the outcome or bind the D.C. judge to whom the case is remanded. By the same token, that judge could not make binding pronouncements on federal law.